IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEON B. REDMOND, | : | |
| | : | Case No. 4: 04-CV-231 |
| Plaintiff, | : | |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant. | : | |

**M E M O R A N D U M**

March 20, 2006

**BACKGROUND:**

On February 2, 2004, plaintiff Leon B. Redmond, an inmate currently

confined in the United States Penitentiary, Atlanta, Georgia, filed a complaint

against numerous defendants in the Middle District of Pennsylvania.  Following

court order, Redmond filed an amended complaint on April 16, 2004.  The

amended complaint alleged a Federal Torts Claim Act (FTCA) claim, a <u>Bivens</u> civil

rights claim, and an Americans with Disabilities Act (ADA) claim.

By court order dated March 3, 2005, we partially granted defendants' motion

to dismiss and for summary judgment.  In that order we granted summary judgment

in defendants' favor with respect to plaintiff's ADA and civil rights claims.  We

1

denied defendants' request for summary judgment with respect to Redmond's FTCA claim.  As a result of our rulings in that order the United States is the sole remaining defendant.  The United States has since filed a second motion for summary judgment.  The matter is now fully briefed.  For the following reasons we find that the discretionary function exception to the FTCA shields the United States from liability and strips this court of subject matter jurisdiction.  Therefore, we will dismiss the action because we lack jurisdiction to hear the case.

**DISCUSSION:**

## I. LEGAL STANDARD

It is appropriate for a court to grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled a judgment as a matter of law."  Fed. R. Civ. P. 56(c).

"If the nonmoving party has the burden of persuasion at trial, 'the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the nonmovant's burden of proof at trial.'" Jalil v. Avdel Corp., 873 F.2d

701, 706 (3d Cir. 1989) (quoting <u>Chippolini v. Spencer Gifts, Inc.</u>, 814 F.2d 893,

896 (3d. Cir. 1987)); <u>see</u> <u>also</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).

In evaluating a motion for summary judgment the court will draw all

reasonable inferences from the evidence in the record in favor of the nonmoving

party.  <u>Am. Flint Glass Workers Union v. Beaumont Glass Co.</u>, 62 F.3d 574, (3d

Cir. 1995).  The nonmoving party, however, cannot defeat a motion for summary

judgment by merely offering general denials, vague allegations, or conclusory

statements; rather the party must point to specific evidence in the record that

creates a genuine issue as to a material fact.  See <u>Celotex</u>, 477 U.S. at 32;

<u>Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.</u>, 172 F.3d 238, 252 (3d Cir. 1999).

## II. FACTUAL BACKGROUND

First, we note that defendant complied with Local Rule 56.1 and filed a

separate and concise statement of uncontested material facts.  (Rec. Doc. No. 34.)

Plaintiff, who is proceeding <u>pro</u> <u>se</u>, failed to comply with Local Rule 56.1 and file a

statement opposing these facts.

Daniel Graham and plaintiff Leon Redmond were both previously inmates at

United States Penitentiary Allenwood, Pennsylvania.  The complaint arises out of a

violent assault by Graham against Redmond while the two were housed at

Allenwood.  Redmond was assigned to the UNICOR factory almost continuously

3

from November 5, 1997 until October 17, 2002.  On October 17, 2002, while

working at his assigned work station, Redmond was violently attacked by another

inmate, Daniel Graham, who struck Redmond on the head from behind with a metal

fabric cutting bar.  Following this incident, Redmond was taken to the local hospital

and, from there, transferred to the United States Medical Center for Federal

Prisoners in Springfield, Missouri (USMCFP Springfield).

An investigation into this assault revealed allegations that Redmond had

threatened Graham on October 15, 2002, following a personal disagreement.

According to Court records, Redmond had apparently become upset when inmate

Graham was assigned more overtime than him.  Before lunch on October 17, 2002,

while working in the UNICOR factory, Redmond allegedly threatened Graham a

second time, stating, "you'd better have your shit the next time I see you."

Graham understood this statement to mean he should bring a knife or

weapon.  During a subsequent interview, Graham admitted that he felt threatened

and that it was his "policy" to take such threats seriously.

Prior to Graham's assault upon Redmond, neither inmate indicated to any

USP Allenwood staff that there were any problems between them or that they

feared for their safety.

The investigation into the assault further revealed that there was no

significance to Graham's use of the metal fabric cutting bar as a weapon; the cutting bar was simply the closest object to Graham that could be utilized as a weapon.  To the best of the knowledge of the UNICOR factory manager's recollection there is no record of metal fabric cutting bars being used in any other assaults, either prior to or since the assault upon Redmond.

As a result of the incident, Graham pled guilty to the charge of possession of contraband and this court sentenced him to an additional sixty months, to be served consecutive to his current sentence.  On July 28, 2003, Graham was transferred to the United States Penitentiary in Florence, Colorado.

### III.  REDMOND'S FTCA CLAIM IS BARRED BY THE DISCRETIONARY FUNCTION EXCEPTION

By our order dated March 3, 2005, Redmond's only remaining claim is his count alleging the United States violated the Federal Torts Claim Act ( FTCA) in not securing a metal fabric cutting bar that was used by another inmate employed in the UNICOR factory to assault him.

As sovereign, the United States is immune from suit unless it consents. F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994); Koss v. United States, 69 F.3d 705, 707 (3d Cir. 1995).  Congress, in passing the FTCA, waived the federal government's sovereign immunity for negligent torts committed by employees of

the United States "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).  The FTCA provides a remedy in damages for the simple negligence of employees of the United States to protect federal inmates.  United States v. Muniz, 374 U.S. 150, 150 (1963).  In presenting a FTCA claim, a plaintiff must show: (1) that a duty was owed to him by a defendant; (2) a negligent breach of said duty; and (3) that the negligent breach was the proximate cause of the plaintiff's injury.  Mahler v. United States, 196 F. Supp. 362, 364 (W.D. Pa. 1961), aff'd, 306 F.2d 713 (3d Cir.), cert. denied, 371 U.S. 923 (1962).  The federal government's waiver of immunity in the FTCA, however, includes several exceptions.  If an exception is applicable to this case than the court should dismiss the complaint for lack of subject matter jurisdiction.

The government asserts in its second motion for summary judgment that the discretionary function exception to the FTCA bars Redmond's recovery and strips this court of jurisdiction.  The FTCA's discretionary function exception states that the provisions of 28 U.S.C. § 1346(b) shall not apply to:

> Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance of the failure to exercise or perform a

> discretionary function or duty on the part of a federal
> agency or an employee of the Government, whether or
> not the discretion involved be abused.

28 U.S.C. § 2680(a).

By providing a discretionary function exception to the waiver of sovereign immunity Congress intended to protect certain governmental activities from exposure to suit by private individuals.  United States v. S.A. Empressa da Viacao Aero Rio Grandense (Varig Airlines), 467 U.S. 797, 808 (1984).  The exception covers both government agencies and all government employees exercising discretion.  Id. at 813.  A district court should consider several factors when determining whether the exception is applicable to an FTCA claim.

First, the nature of the conduct alleged to be actionable is paramount.  Id.  A court must determine if the nature of the government employees' acts are of the nature that Congress intended to shield from liability.  Id.  Second, a court should determine whether the conduct in question involves the "discretionary acts of the Government acting in its role as a regulator of the conduct of private individuals." Id.  This second factor addresses Congress's concern that the FTCA not become a tort cause of action used to "second-guess legislative and administrative decisions grounded in social, economic, and political philosophy" so as to "seriously handicap efficient government operations."  Id. at 814 (citations

omitted).

Using these factors the Supreme Court has crafted a two-part test for courts to apply to determine if the discretionary function exception applies.  First, a court should consider the nature of the government employee's conduct and determine whether it involves an element of judgment or choice.  United States v. Gaubert, 499 U.S. 315, 322 (1991); Berkovitz v. United States, 486 U.S. 531, 536 (1988).  Second, a court should consider whether the conduct is of the type that the FTCA exception is meant to encompass, that is, the actions are the result of "the permissible exercise of policy judgment."  Berkovitz, 486 U.S. at 537; see Gaubert, 499 U.S. at 323.

Germane to the facts of this case, the Bureau of Prisons (BOP) has a general duty of care to safeguard prisoners pursuant to 18 U.S.C. § 4042(a)(3).  This general duty does not mean that the BOP cannot exercise judgment in how to fulfill that duty.  Cohen v. United States, 151 F.3d 338, 342 (11th Cir. 1998) ("even if § 4042 imposes on the BOP a general duty of care to safeguard prisoners, the BOP retains sufficient discretion in the means it may use to fulfill that duty to trigger the discretionary function exception"); Calderon v. United States, 123 F.3d 947, 950-51 (7th Cir. 1997) (same); see also Graham v. United States, No. Civ. A. 97-1590, 2002 WL 188573, *4-5 (E.D. Pa. Feb. 5, 2002) (Shapiro, J.) (holding prisoner's

8

injuries caused by another prisoner's assault were barred by FTCA's discretionary function exception after surveying unanimous agreement by the circuit courts having addressed the issue and finding the same).

Redmond contends that the facts of his case do not allow for the discretionary function exception to the FTCA.  He reasons that Allenwood has a policy that dictated that all metal bars in the prison gym be secured by a wire cable to prevent inmate assaults with metal bars.  (Pl.'s Br., Rec. Doc. No. 36, at 16.) Redmond asserts that the metal fabric cutting bar used to attack him should have likewise been secured.  Without citing to a prison policy, Redmond reasons that because weight bars are secured the cutting bars should have also been secured and the federal employees were not allowed to exercise discretion in deciding to leave the cutting bars unsecured.

Unfortunately for Redmond, his reasoning depends on what he believes the policy should be and not what was actual prison policy.  Of course numerous items in the prison environment could be converted into weapons.  In Graham, a case involving an inmate-on-inmate attack at FCI Allenwood, the court noted that "it may be tragically unwise for Allenwood prison officials to allow inmates access to razor blades . . . . [b]ut these choices are within the discretion that Congress has

9

committed solely to prison officials."  2002 WL 188573, at *4.  As we have already

noted, the BOP has been given discretion in how to safeguard prisoners.  <u>Cohen</u>,

151 F.3d at 342; <u>Calderon</u>, 123 F.3d at 950-51; <u>Castor v. United States</u>, 344, 353-

54 (S.D. Ind. 1995) ("Because BOP officials exercise discretion in determining how

best to protect and provide for prisoners, and because that discretion is animated

by policy considerations, its decisions and actions challenged here cannot form the

basis of a FTCA claim.")

　　　We recognize that the discretionary function exception is intended only to

shield discretion "based upon considerations of public policy."  <u>Berkovitz</u>, 486

U.S. at 537.  We agree with the defendant that prison officials had to consider the

possibility that the metal fabric cutting bars could be converted into a weapon

weighed against the opportunity for prisoners to have educational, vocational,

rehabilitative, and work programs like UNICOR.  The decision to allow inmates

access to the metal bars was discretionary and grounded in policy considerations.

The conduct Redmond alleges is the basis for his FTCA claim falls within the

discretionary function exception and we are without subject matter jurisdiction to

hear plaintiff's claim.

　　　<u>　s/ James F. McClure, Jr.　</u>

James F. McClure, Jr.

10

United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LEON B. REDMOND,              :
                              :        Case No. 4: 04-CV-231
            Plaintiff,        :
                              :
        v.                    :        (Judge McClure)
                              :
UNITED STATES OF AMERICA,     :
                              :
            Defendant.        :

**O R D E R**

March 20, 2006

For the reasons set forth in the accompanying memorandum,

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.  The United States is entitled to the discretionary function defense.

2.  The United States second motion for summary judgment is granted.

(Rec. Doc. No. 33-1.)

1

3.  Because of the discretionary function exception, the court is without subject matter jurisdiction to hear Redmond's FTCA claim.

4.  Final judgment is entered in favor of the defendants and against plaintiff on plaintiff's ADA and Civil Rights claims.

5.  Plaintiff's FTCA claim is dismissed for lack of subject matter jurisdiction.

6.  The clerk is directed to close the case file.


   s/ James F. McClure, Jr.

James F. McClure, Jr.

United States District Judge